Filed 6/13/25  P. v. Cortez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>REFUGIO CORTEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B340582<br>(Super. Ct. No. 2023034354)<br>(Ventura County) |

Refugio Cortez appeals from the judgment after a jury found him guilty of 11 counts of being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)), and one count of being a prohibited person possessing ammunition (Pen. Code, § 30305, subd. (a)(1)).  The trial court sentenced him to four years, four months in state prison.

A search warrant was issued for the residence of Cortez's mother, including "outbuildings."  Defense counsel was provided a copy of the search warrant and affidavit, with a redacted copy of the statement of probable cause.  The redacted copy described a felony conviction that prohibited Cortez from possessing

firearms.  However, it did not include the facts supporting probable cause for the search.

After an in camera hearing to determine whether the unredacted statement of probable cause would reveal the identity of informants, the court declined to provide Cortez with an unredacted copy.  (*People v. Hobbs* (1994) 7 Cal.4th 948, 962–964.)  We have reviewed an unredacted copy of the statement of probable cause, which remains under seal.  (*People v. Heslington* (2011) 195 Cal.App.4th 947, 956.)  We conclude it established probable cause for the search.

Pursuant to the warrant, sheriff's deputies searched a shed on the property and found a shotgun, four rifles, six handguns, and ammunition, as well as paperwork and a debit card in Cortez's name.

Cortez's mother testified Cortez kept his property in the shed, and told an investigator he was the only person who had access to the shed.  Cortez's fingerprints were found on two of the firearms.  There was "very strong support" that his DNA was on one firearm and evidence his DNA was on two other firearms.  The jury found Cortez guilty of unlawfully possessing the firearms and ammunition.

We appointed counsel to represent Cortez in this appeal.  After counsel examined the record, she filed an opening brief that raises no arguable issues.  On February 28, 2025, we advised Cortez by mail that he had 30 days within which to file a supplemental brief to raise any issues he wished us to consider.  We have not received a response.

We have reviewed the entire record and are satisfied that no arguable issue exists.  (*People v. Wende* (1979) 25 Cal.3d 436, 441–443.)

2

The judgment is affirmed.
NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.


CODY, J.

3

Catherine M. Voelker, Judge

Superior Court County of Ventura

_____

Bina Ahmad, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.